# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHARLES DANIEL MAYE,

    Petitioner,

v.                                             Case No. 8:21-cv-2619-WFJ-UAM
                                               Crim. Case No. 8:04-cr-321-JSM-MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING WRIT OF CORAM NOBIS

This matter came before the Court on Mr. Maye's petition for a writ of error *coram nobis*. Dkt. 1. The Court took extensive briefing and argument by very capable counsel on both sides. Dkts. 31 (hearing); 32 (Respondent's brief); 33 (Petitioner's brief). The Court denies the petition.

*BACKGROUND*:

The Court will not repeat here the unfortunate facts of this case. Suffice it to say, the record is long and detailed. It is generally not favorable to Petitioner. The underlying facts as developed at trial are set forth in several other places, including in several post-conviction motions under 28 U.S.C. § 2255, *habeas corpus* application under 28 U.S.C. § 2241, and a previous petition for writ of *coram nobis*. A detailed summary of the facts is attached hereto as an appendix. It arose from an Order by Judge Covington denying the previous *coram nobis* petition. *See*

*Maye v. United States*, 8:17-cv-1314-VMC-MAP, Dkt. 19 (appended to this instant Order), *aff'd*, 769 F. App'x 882 (11th Cir. 2019).

Mr. Maye was convicted of four crimes: conspiracy, in violation of 18 U.S.C. § 371 (Count One); intentionally accessing a computer without authorization and in excess of authorization, in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(c)(2)(B) (Counts Two and Four); and knowingly and willfully making false statements to a Special Agent of the FBI, in violation of 18 U.S.C. § 1001(a)(2) (Count Five).  Dkt. 166 in 8:04-cr-321-JSM-MAP.

*DISCUSSION*:

The U.S. Supreme Court opinion in *Van Buren v. United States*, 141 S. Ct. 1648 (2021), held that the CFAA only proscribed those who access computer files without authorization, not those who have authorization but access the files for an improper purpose.

Because Mr. Maye, a former sheriff's deputy, did have authorization to access the law enforcement NCIC database at issue in his case (but was found to do so for improper purposes), he correctly points out that Counts Two and Four and one of the predicate objects of Count One[1] are now infirm under *Van Buren*.

---

[1] The Count One conspiracy had two objects: to violate CFAA and also to make false statements in violation of 18 U.S.C. § 1001.  The verdict on Count One did not specify what object(s) the jury found.  Dkt. 152 in No. 8:04-cr-321-JSM-MAP.

2

Mr. Maye also correctly points out that he still suffers the impediments of the prior felony convictions, although his prison sentence and term of supervised release have been served long ago.  These impediments include the social opprobrium accompanying felony convictions, as well as loss of civil rights such as his firearms rights.  He also claims to suffer an impediment or loss to his law enforcement pension by dint of these convictions.

The Court denies the writ, however, because even if *Van Buren* would render nil the district court's jurisdiction for Mr. Maye's convictions on Counts Two and Four (and also Count One which is questionable due to the double objects in that conspiracy), *Van Buren* has nothing to say about Count Five, a conviction for false material statements with FBI jurisdiction.  The same impediments Mr. Maye complains of would still exist if his CFAA convictions and history were entirely cleansed by the *Van Buren* opinion and *coram nobis* relief.

*Coram nobis* offers Mr. Maye no relief as to felony Count Five.  A *coram nobis* petitioner, who did not gain relief on direct appeal, has the most heavy burden.  *United States v. George*, 676 F.3d 249, 258 (1st Cir. 2012) ("The further a case progresses through the remedial steps available to a criminal defendant, the stiffer the requirements for vacating a final judgment. . . . The writ of error coram nobis lies at the far end of this continuum.").

The *coram nobis* burden is heavy because the petitioner must establish not only that the purported error in his long-closed criminal case was constitutional, but that it is truly "fundamental." *See United States v. Addonizio*, 442 U.S. 178, 185–86 (1979); *Moody v. United States*, 874 F.2d 1575, 1576–77 (11th Cir. 1989) (holding that *coram nobis* jurisdiction only available for "matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid"); *United States v. Mills*, 221 F.3d 1201, 1203–04 (11th Cir. 2000); *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000); *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002); *see also United States v. Denedo*, 556 U.S. 904, 911, 916 (2009).

In addition, the Eleventh Circuit has stated that any truly fundamental defect that might merit *coram nobis* review must concern—as it did under the original understanding of *coram nobis*—an error "of fact," not law, that "has [never yet] been put in issue" and so lies outside the record that the court of judgment had before it. *See Alikhani*, 200 F.3d at 734; *Myles v. United States*, 170 F.2d 443, 444 (5th Cir. 1948);[2] *see also United States v. Morgan*, 346 U.S. 502, 507 (1954) (describing original purpose of the writ and use in accordance with availability "at common law to correct errors of fact"); *Blake v. Florida*, 395 F.2d 758 (5th Cir.

---

[2] Decisions issued by the former Fifth Circuit before the close of business on September 30, 1981, are binding as precedent on the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

4

1968); *cf. Addonizio*, 442 U.S. at 186 (stating that "*coram nobis* jurisdiction has never encompassed all errors of fact"). The facts in this record are well established and are most unfavorable to Mr. Maye's equities. *See* Appendix to this Order. Only the law (the reach of CFAA) was changed by *Van Buren*.

Van Buren did not alter the district court's subject matter jurisdiction concerning Count Five. Given the drastic and rare relief that is available under *coram nobis*, it would be not much more than an advisory opinion for the Court to grant relief on the other counts, yet leave Count Five standing, and leave Mr. Maye still a convicted felon with all the impediments thereto remaining.

Accordingly, Mr. Maye's petition for writ of error *coram nobis* (Dkt. 1) is denied. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on October 24, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record